## LEGGETT *v.* M'CARTY and wife.

The decision in *Abbott* v. *Allen*, 2 J. C. R. 519, recognized, namely; " a pur-
chaser of land, who has paid part of the purchase money and given a bond
and mortgage for the residue and is in the undisturbed possession, will not
be relieved against the payment of the bond or proceedings on the mortgage
on the mere ground of a defect of title, there being no allegation of fraud in
the sale, nor any eviction; but must seek his remedy at law, on the cove-
nants in his deed." In the above case, a mortgagor was complainant, while
in the present suit he is defendant; but the court considered that this made
no difference in point of principle.

*June 1,
1837.*

*Mortgage.
Vendor and
Vendee.*

BILL for foreclosure, upon a bond and mortgage given by
the defendants to the complainant, in part consideration for the
real estate mortgaged. The answer admitted the bond and
mortgage; and the circumstances under which they were
given—as well as that they, the defendants, were in posses-
sion: but insisted, that they had not a good title and that there
were incumbrances upon the property at the time of the con-
veyance by the complainant to them; and, therefore and until
they had a perfect title, they were not only not bound to pay
the mortgage money, but were even entitled to damages. The
following clauses from their answer will show more fully the
ground of defence set up: " And these defendants admit, that,
before the filing of the said bill, the said complainant did re-
quire of and request this defendant Peter M'Carty to pay to
the said complainant the principal and interest moneys alleged
by him to be due on the said bond and mortgage: but these
defendants say, that the defendant Peter M'Carty hath refused
to comply with the said last mentioned request, inasmuch as
the said complainant, when he so as aforesaid executed and
delivered to the defendant, Peter M'Carty, a conveyance for
the said premises as hereinbefore set forth, he not only repre-
sented to the said defendant Peter M'Carty, but covenanted in
and by the said conveyance that he, the said complainant, was
seised in fee of the said premises and that he had a good legal
and valid title to the same ; and that the said premises were

free from all incumbrances thereon—whereas these defendants say that at the time of the execution and delivery of the said conveyance, from the said complainant to the said defendant Peter M'Carty, the said complainant was not seised in fee of the said premises ; nor had he a good legal and valid title to the same ; nor were the said premises free from incumbrances thereon. And these defendants claim the like benefit and advantage of exception in this respect as if they formally and specially pleaded the said matters. And these defendants further answering say, that since the execution and delivery of the said conveyance by the said complainant to this defendant Peter M'Carty, the said Peter M'Carty hath, in two several instances, agreed to sell the said premises ; by which agreements this defendant, Peter M'Carty, might have realized a large advance on what he had agreed to give to the said complainant for the said premises, but that, in consequence of the said defect of title of the said complainant and of existing incumbrances on the said premises prior to the said mortgage of these defendants, both the said purchasers refused to complete and carry into effect the said several agreements ; and by reason thereof this defendant, Peter M'Carty, lost the sale of the said premises and has sustained great loss and damage thereby. And this defendant, Peter M'Carty, insists, that before the said complainant can entitle himself to the payment of the amount alleged to be due on the said bond and mortgage or to a decree for the foreclosure of the said mortgage, he ought to perfect a good and valid title to the said premises to this defendant Peter M'Carty ; and relieve the said premises from all incumbrances existing thereon at the time of the execution and delivery of the said conveyance so as aforesaid executed and delivered by the said complainant to this defendant Peter M'Carty. And he further insists, that if such title should be perfected by the said complainant and all such prior existing incumbrances should be removed from the said premises, that then this defendant Peter M'Carty is justly and equitably entitled to damages from the said complainant, for the loss and injury he has sustained by reason of such defect of title and such existing incumbrances ; and that the amount of such damages should be deducted from the amount which shall appear to be due on the said bond and mortgage. And

1837.

LEGGETT
v.
M'CARTY.

this defendant, Peter M'Carty, claims the like benefit and advantage of exception, in this respect, as if he had formally and specially pleaded the last aforesaid matters.

Mr. *Gerard,* for the complainant.

Mr. *G. Brinckerhoff,* for the defendants.

*August* 21.     THE VICE-CHANCELLOR :—According to the case of *Abbot* v. *Allen,* 2 J. C. R. 519—and the same principle is found in *Bumpus* v. *Platner,* 1 Ib. 213—the defendant could not file a bill to be relieved from the payment of his bond and mortgage, upon such facts as are stated in his answer ; and if these facts would form no ground for relief in this court were the mortgagor a complainant here, either with an original or a cross bill, then, surely, they cannot be permitted to avail him as a defendant when set up in his answer.

There is nothing in this case to distinguish it from *Abbot* v. *Allen.* The circumstance that the mortgagor is here a defendant, instead of a complainant, can make no difference in principle. Fraud, in the sale by the complainant to the defendant, is not alleged. The defendant must resort to his remedy at law for any breach of the covenant of seisin, &c. ; and until he has been evicted or an action to deprive him of the possession has actually been commenced, as in *Johnson* v. *Gere,* 2 J. C. R. 546, the court of chancery will not interfere to stay proceedings on his bond and mortgage. While he holds possession, it would be unreasonable to say he ought not to be called upon to pay the mortgage debt.

The usual decree must be entered, referring it to a master to compute the amount due ; and for a sale, upon the coming in and confirmation of the master's report.