WILLIAM H. DUNNING et al., Respondents, *v.* CLARA B. LEAVITT, Impleaded, etc., Appellant.

Where a grantee holding under a warranty deed, who, by a covenant in his deed, has assumed and agreed to pay a mortgage on the premises, has been evicted by paramount title, the holder of the mortgage cannot enforce the covenant, as the substantial consideration therefor is the conveyance of a title, and, upon eviction, the consideration wholly fails. The mortgagee, who seeks to avail himself of such a covenant, claims under and through the grantor, and his claim is subject to defenses arising out of the transaction between the original parties, when the deed was executed. (FOLGER, Ch. J., and EARL, J., dissenting.)

*It seems* that a person for whose benefit a promise is made cannot, within the case of *Lawrence* v. *Fox* (20 N. Y. 268), maintain an action to enforce the promise when the promise is void as between the promisor and promisee, because of want or failure of consideration or fraud. The action upon such a promise is subject to the equities between the original parties.

*Thorp* v. *The K. C. Co.* (48 N. Y. 253), distinguished.
*Dunning* v. *Fisher* (20 Hun, 178), reversed.

(Argued January 19, 1881; decided April 19, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 9, 1880, which reversed a judgment in favor of defendant, Clara B. Leavitt, entered upon a decision of the court on trial at Special Term. (Reported below, *sub nom. Dunning* v. *Fisher*, 20 Hun, 178.)

This was an action to foreclose a mortgage upon real estate situate in the city of Brooklyn.

The material facts are as follows: On the 15th day of May, 1856, Ebenezer L. Roberts executed and delivered to William Tasker, a deed of the premises covered by the mortgage, which conveyance was subject to a mortgage of $5,500, which had previously been executed by Roberts to one Leech; Tasker at the same time executed to Roberts a mortgage upon the same premises for $1,800, part of the purchase-money. On the 1st day of October, thereafter, Tasker conveyed the premises to Ephraim H. Howell, by a full covenant deed, sub-

ject to the mortgage of $5,500, which Howell covenanted and assumed to pay, as part of the purchase-money. In October, 1857, Howell died intestate, leaving a widow and five infant children. On the 18th day of September, 1857, before the death of Howell, Roberts commenced an action to foreclose his mortgage of $1,800, and he named in his summons and complaint, as defendants in such action, Tasker and Howell and wife. Personal service of the summons in such action was made upon Tasker and Mrs. Howell, but not upon Mr. Howell. Upon him service was attempted to be made by publication, and was in form so made; but it failed because, unknown to the plaintiff in that action, Howell was dead before the order for publication was obtained. His children, to whom his title was devolved by his death, were not made parties to that action. That action proceeded to judgment in February, 1858, and under the judgment the premises were sold to Roberts by a referee appointed for that purpose, who executed to him a deed of the same, subject to the mortgage of $5,500. Soon thereafter, Roberts paid that mortgage, and caused the same to be satisfied and discharged of record, and in July, 1858, he conveyed the premises to Almira S. Coe. In April, 1867, Mrs. Coe conveyed the premises to Nancy Fisher, who with her husband afterward — Dec. 21, 1869 — executed to the plaintiff, their bond for $15,000, and the mortgage to secure the payment of the same sum which this action was brought to foreclose. In April, 1871, Mr. and Mrs. Fisher conveyed the same premises to Henry W. Fuller, by a full covenant deed, and Fuller assumed to pay the mortgage of $15,000 as part of the purchase-money. In November, 1874, Fuller conveyed the same premises to Mrs. Leavitt, a married woman, the appellant, by a full covenant deed, and she assumed to pay the mortgage of $15,000 as part of the purchase-money. All the successive guarantees of the premises entered into possession thereof and held possession until subsequently conveyed by them respectively, except Mrs. Leavitt, who held possession of the premises until she was evicted in an action of ejectment brought against her by the children of Mr. Howell in Novem-

ber, 1878. On December 12, 1878, and after such eviction, this action was commenced.

*Sidney S. Harris* for appellant. Although the conveyance from Fuller to the appellant was absolute in form, being only a mortgage, or an assignment of a mortgage, the covenant assuming payment of the mortgage in suit created no personal liability in her. (*Rogers* v. *Gurnsey*, 47 N. Y. 233.) There being no personal liability on the part of the appellant, this action could not be maintained. (Code of Procedure, § 167; Code of Civil Procedure, § 1627.) Even if Roberts, the purchaser under the invalid foreclosure, became a mortgagee in possession, his conveyance to Mrs. Coe did not make her a mortgagee in possession. (*Merritt* v. *Bartholick*, 36 N. Y. 44; *Drymer* v. *Bill*, 5 Johns. Ch. 570; 1 Jones on Mortgages, § 811; *Kortright* v. *Cady*, 21 N. Y. 365.)

*D. P. Barnard* for respondents. In the absence of fraud on the part of the plaintiffs, no mortgagor or grantee of a mortgagor, who has assumed a mortgage, can defend a claim of the mortgagee, or resist a judgment for deficiency. (*Edwards* v. *Bodine*, 26 Wend. 109; *Bumpus* v. *Platner*, 1 Johns. Ch. 213; *Abbott* v. *Allen*, 2 id. 519; *Leggett* v. *McCarty*, 3 Edw. 124; *Burke* v. *Nichols*, 34 Barb. 430; *Curtiss* v. *Bush*, 39 id. 661; *Platt* v. *Gilchrist*, 3 Sandf. 118; *Reed* v. *Latson*, 15 Barb. 9.) A mortgagee or his assignee, in possession of the mortgaged premises, is protected in his possession by the mortgage. (*Jackson* v. *Minkler*, 11 Johns., 480; *Jackson* v. *Bowen*, 7 Cow. 13, 19; *Van Duyne* v. *Thayre*, 14 Wend. 233, 236; *Phyfe* v. *Riley*, 15 id. 248, 254; *Fox* v. *Lipe*, 24 id. 164, 167; *Olmsted* v. *Elder*, 2 Sandf. 325, 327-8; *St. John* v. *Bumstead*, 17 Barb. 100; *Winslow* v. *McCall*, 32 id. 241; *Bolton* v. *Brewster*, id. 390; *Sahler* v. *Signer*, 44 id. 606, 614; *Pell* v. *Ulmar*, 18 N. Y. 139, 141-2, 144; *Hubbell* v. *Moulson*, 53 id. 225, 226; *Chase* v. *Peck*, 21 id. 581, 586; *Madison Ave. Bapt. Ch.* v. *Oliver St. Bapt. Ch.*, 73 id. 82, 94.) The purchaser of mortgaged premises by a deed from

the mortgagee, or from an officer on the foreclosure of the mortgage, is deemed to be an assignee of the mortgage. (*Jackson* v. *Minkler*, 10 Johns. 480; *Jackson* v. *Bowen*, 7 Cow. 13; *Robinson* v. *Ryan*, 25 N. Y. 320; *Vroom* v. *Ditmas*, 4 Paige, 526; *Gage* v. *Brewster*, 31 N. Y. 218, 224; *Winslow* v. *Clark*, 47 id. 261, 263; *Miner* v. *Beekman*, 50 id. 337, 345.) The possession by Mrs. Leavitt for a number of years and the covenants running in her favor in the deed to her formed a sufficient consideration for her assumption of the mortgage to the plaintiffs, and a judgment for deficiency should have been ordered in favor of plaintiffs. (*Cashman* v. *Henry*, 75 N. Y. 103.)

ANDREWS, J. The assumption clause, in the deed from Fuller to Mrs. Leavitt, was in effect a covenant on her part to pay the plaintiffs' mortgage, as part of the purchase-price of the land. Her grantor, Fuller, in his conveyance from the mortgagors, had bound himself by a similar covenant. If the covenant by Mrs. Leavitt to pay the mortgage is still binding upon her, no doubt can be entertained of the right of the plaintiffs in this action to enforce it for their security, and to a judgment over against her for any deficiency which may arise on the sale of the mortgaged premises. (*Halsey* v. *Reed*, 9 Paige, 446; *Burr* v. *Beers*, 24 N. Y. 178.)

But the consideration for her covenant wholly failed upon her eviction from the premises under paramount title. The grantors of Fuller had no title or estate in the land when they executed the mortgage, or when they conveyed to him, nor did Fuller have any when he conveyed to the defendant. The legal title was in the Howell heirs, and the defendant in 1858 was evicted under judgment founded upon their title. The substantial consideration for the defendant's assumption of the mortgage was the conveyance of a title by Fuller. Fuller covenanted to convey a good title, and the supposed acquisition of such title by his conveyance was the real consideration of her covenant. It is true, she acquired possession with the deed, but of that she has been deprived, and the rents and profits

during her possession were in law received to the use of the real owners of the land.

It was said by the chancellor in *Tallmadge* v. *Wallis* (25 Wend. 117), that upon an eviction under paramount title, the consideration for a note or bond given by a purchaser for the purchase-money of the land wholly failed, and that covenants of title in the deed of the grantor could not be regarded as a consideration which would support the promise to pay. This doctrine has been held in other cases and is in accordance with the general current of authority. (*Knapp* v. *Lee*, 3 Pick. 452; *Rice* v. *Goddard*, 14 id. 293; *Trask* v. *Vinson*, 20 id. 105; Rawle on Covenants for Title, 607.) In *Rice* v. *Goddard* the court say: " The promise is not made for a promise, but for the land; the moving cause is the land; and if that fails to pass, the promise is a mere *nudum pactum.*" The authorities sustain the proposition that if Fuller had paid the mortgage in fulfillment of the covenant in his deed from the Fishers, and had brought an action against Mrs. Leavitt on her covenant to pay the mortgage, or if Mrs. Leavitt had been the mortgagor and the plaintiffs had brought an action on her bond given with the mortgage, neither Fuller in the one case, nor the plaintiffs in the other, could have recovered. The facts found sustain the defense of a total failure of consideration for the defendant's covenant.

On what principle then can it be held that the plaintiffs can recover against Mrs. Leavitt in this action, on a cause of action which could not have been enforced against her by Fuller, her immediate promisee, if he had paid the mortgage debt. The action cannot be sustained on the principle of *Halsey* v. *Reed*, because there is no fund in the hands of Mrs. Leavitt which, as between her and Fuller, she is equitably bound to apply to relieve him from his covenant to pay the mortgage. The land has been taken from her by a paramount title, and the land was the only source from which the supposed fund was to arise. The acquisition of the title under the conveyance from Fuller was the consideration for her covenant, and no title was acquired.

There can be no subrogation in equity for there is no liability of Mrs. Leavitt to Fuller, to which the right of subrogation can attach. It is said that the action can be sustained upon the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) and kindred cases. But I know of no authority to support the proposition that a person not a party to the promise, but for whose benefit the promise is made, can maintain an action to enforce the promise, where the promise is void as between the promisor and promisee, for fraud, or want of consideration, or failure of consideration. It would be strange, I think, if such an adjudication should be found. The party suing upon the promise, in cases like *Lawrence* v. *Fox*, is in truth asserting a derivative right. In *Vrooman* v. *Turner* (69 N. Y. 280) it was held that an assumption clause in a deed did not give a right of action to the mortgagee, where the grantor was not himself liable to pay the mortgage debt, although in that case there was ample consideration for the promise of the defendant.

There is no justice in holding, that an action on such a promise is not subject to the equities between the original parties springing out of the transaction or contract between them. It may be true that the promise cannot be released or discharged by the promisee, after the rights of the party for whose benefit it is said to have been made, have attached. But it would be contrary to justice or good sense to hold that one who comes in by what Judge ALLEN, in *Vrooman* v. *Turner*, calls "the privity of substitution," should acquire a better right against the promisor than the promisee himself had. This case is an illustration. The plaintiffs, when they took their mortgage, did not rely upon the covenant they now seek to enforce. The covenant was not made until several years afterward. There was no consideration for it passing between the plaintiffs and Mrs. Leavitt. They now seek to avail themselves of it, and insist that although the consideration has failed, this defense is not available to the defendant, and that Mrs. Leavitt, although she has paid $10,000 in cash for property to which her grantor had no title, must pay $15,000 more,

if need be, and be remitted for her remedy to the covenants in her deed, which may, from the insolvency of her grantor, or other reasons, be wholly worthless. The plaintiffs have nothing to sell on their mortgage, and if they can hold Mrs. Leavitt for the deficiency, they will be able to shift the burden of a practically unsecured claim, upon a party with whom they have had no dealing whatever.

The case of *Thorp* v. *The Keokuk Coal Co.* (48 N. Y. 253) gives no countenance to this claim. The conveyance, which contained the assumption clause, was a quit-claim deed with a covenant by the grantor against his own acts only, and it was not claimed that this covenant had been broken. The defendant, so far as appears, took and retained possession of the granted premises, and was in possession when the action was brought. His defense was that the title to a part of the land conveyed had failed, or was never in the grantor. This was clearly no defense to his agreement to pay the mortgage; for two reasons: first, he got by his deed all he bargained for; and second, he could not detain the purchase-money, or refuse to pay it, so long as he was not evicted, and retained possession of the land. (*Abbott* v. *Allen*, 2 Johns. Ch. 519; *Leggett* v. *McCarty*, 3 Edw. Ch. 124; *Platt* v. *Gilchrist*, 3 Sandf. 118; Rawle on Covenants for Title, 588.)

The principle that a mortgagee who seeks to avail himself of an assumption clause in a subsequent deed of the mortgaged premises, takes under and through the grantor, and is subject to defenses arising out of the contract or transaction between the original parties to the deed is supported by *Flagg* v. *Munger* (9 N. Y. 483). In that case, concurrently with the execution of the deed containing an assumption clause, a sealed agreement or bond was executed between the parties to the deed, to the effect, that, in a certain event (which subsequently happened), the grantee should not be bound to pay any part of the mortgage assumed, "any thing contained in the deed to the contrary, notwithstanding;" and it was held, in an action to foreclose the mortgage, that by force of

the agreement, the purchaser could not be charged with the deficiency.

I am of opinion that the defense of Mrs. Leavitt was made out. She was not the assignee of the $1,800 mortgage. That mortgage passed, if to any one, to the plaintiffs, upon the execution of the mortgage.

. For the reasons herein stated, the order of the General Term should be reversed, and the judgment of the Special Term affirmed.

EARL, J. (Dissenting.) The judge at Special Term held that, at the time of the conveyance by Fuller to Mrs. Leavitt, there was a paramount outstanding title in the heirs of Howell in the mortgaged premises, and that no title or estate passed to Mrs. Leavitt by the conveyance, and that she was evicted and yielded possession to such paramount title; that there was a failure of the consideration for the covenant of Mrs. Leavitt assuming to pay the mortgage in suit, and that she was not liable thereon to the plaintiffs, and that the plaintiffs were not entitled to any judgment for a deficiency against her; and he ordered judgment of foreclosure and sale of the mortgaged premises, and a judgment for deficiency against Mr. and Mrs. Fisher and Fuller. The plaintiffs appealed to the General Term from so much of the judgment as was favorable to Mrs. Leavitt, and there the judgment, so far as it was appealed from, was reversed, and a new trial was ordered upon the issues made by her answer, and then she appealed to this court.

It is undoubtedly true that the foreclosure of the mortgage of $1,800 was, in respect to the title to the real estate covered by the mortgage, a nullity. The title was in the heirs of Howell, and they were not made parties to the action. But Roberts, the purchaser under that foreclosure, obtained possession of the land, and held possession for more than four months, when he .conveyed and delivered possession to Mrs. Coe. She held possession under the conveyance to her nearly nine years, when she conveyed and delivered possession to Mrs. Fisher. After

Mrs. Fisher had been in possession nearly three years, she and her husband executed the mortgage in suit, and then, after she had been in possession of the premises four years, she and her husband conveyed and delivered possession of the premises to Fuller. He remained in possession more than four years, when he conveyed and delivered possession to Mrs. Leavitt; and she remained in possession about four years, until she was evicted.

I cannot perceive how it can be well claimed that there was a failure of the consideration of the agreement of Mrs. Leavitt to pay the mortgage in suit. She took a conveyance of the premises, and thereby obtained and held possession of the premises for a number of years. That of itself furnished sufficient consideration to uphold her agreement. In *Thorp* v. *The Keokuk Coal Co.* (48 N. Y. 253) it was held that a grantee of land by quit-claim deed, subject to a mortgage which he assumed to pay, could not, in the absence of fraud or mistake, defend an action brought directly upon his promise to pay the mortgage, on the ground that his grantor did not have title to the land conveyed, and that there was, therefore, a failure of the consideration for his promise. A grantee by quit-claim deed cannot successfully defend an action for the consideration-money brought by his grantor on the ground of a failure of title. (*Leggett* v. *McCarty*, 3 Edw. Ch. 124; *Platt* v. *Gilchrist*, 3 Sandf. 118; *Abbott* v. *Allen*, 2 Johns. Ch. 519.) She also obtained the covenants contained in the deed from Mr. and Mrs. Fisher to Fuller, which passed to her by the conveyance of Fuller to her, and also the covenants contained in the deed of Fuller to her. All these covenants she holds now and can enforce; and nothing appears in the case showing that they are not ample for her indemnity. The covenants stand for her in the place of the land of which she has been deprived, and were given for the express purpose of so standing, upon failure of title and eviction from the land. The consideration to uphold her agreement was, therefore, ample.

Then why may not the plaintiffs enforce the agreement? It was an agreement founded upon sufficient consideration to pay their mortgage, and upon the principles laid down in *Lawrence*

v. *Fox* (20 N. Y. 268) and *Burr* v. *Beers* (24 id. 178), and kindred cases, the plaintiffs may enforce it for their benefit. As said in *Burr* v. *Beers*, the action may be maintained upon "the broad principle that if one person make a promise to another for the benefit of a third person, that third person may maintain an action on the promise;" and such, it is said, in 1 Pars. on Cont. (5th ed.) 468, is the prevailing rule in this country. In *Barlow* v. *Myers* (64 N. Y. 41), Judge AN-DREWS said that the theory upon which a third person is allowed to maintain an action upon a promise to another to pay his debt, is that the promise in legal effect is a promise to pay to such third person. In *Vrooman* v. *Turner* (69 N. Y. 280), Judge ALLEN said that "a legal obligation or duty of the promisee to him" (the third party) "will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise, the obligation of the promisee furnishing an evidence of the intent of the latter to benefit him, and creating a privity by substitution with the promisor." In *Brewer* v. *Dyer* (7 Cush. 337) BIGELOW, J., said that the right of the third person in such a case to enforce such a promise "does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases would seem to indicate; nor upon the reason that the defendant, by entering into such an agreement, has impliedly made himself the agent of the plaintiff; but upon the broader and more satisfactory basis, that the law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation on which the action is founded." To make the promise to pay the demand of the third person binding, it is not needful that any property, real or personal, should actually pass into the hands of the promisor, as a basis for his promise. There are many cases, old and recent, to be found in the books, where there was not such a basis for the promise. It did not exist in the case of *Coster* v. *The Mayor* (43 N. Y. 399). And the notion that the right of the third party to enforce such a promise depends solely upon the doctrine of equitable subrogation, as defined in *King*

v. *Whitely* (10 Paige, 465) and *Trotter* v. *Hughes* (12 N. Y. 74), has been thoroughly exploded in *Burr* v. *Beers, Coster* v. *The Mayor, Thorp* v. *The Keokuk Coal Co.* and many other cases. The doctrine, as broadly laid down in *Lawrence* v. *Fox* and *Burr* v. *Beers*, has been qualified in two respects: First, where a mortgagee agrees in his mortgage to pay a prior mortgage upon the same premises, such agreement cannot be enforced against him by the holder of the prior mortgage (*Garnsey* v. *Rogers*, 47 N. Y. 233); second, Where the grantee in a deed agrees to pay a mortgage or debt, for which the grantor is not liable, the holder of the mortgage or debt cannot enforce such agreement against the grantee. (*Vrooman* v. *Turner, supra.*) So far as has come to my notice, these are the only qualifications which have thus far been made in this State to the doctrine stated; and they do not apply to this case.

But it is said that if Fuller, the grantor of Mrs. Leavitt, had paid plaintiffs' mortgage, or had taken and held it, and then sued her upon her promise to pay it, she could have defended against him, and hence that she must have the same defense against the plaintiffs. It is undoubtedly true that if Fuller in such case had sued her, she could have defended, not on the ground of a failure of consideration, because there was no such failure, as we have above shown, but upon the ground that she had a counter-claim, alleging it, for a breach of the covenants contained in his deed, for at least the full amount of the mortgage. Here she has not set up such a counter-claim, or any counter-claim. She simply alleged in her answer that Fuller had no title when he conveyed to her, and that Mr. and Mrs. Fisher conveyed to Fuller by deed with full covenants, and that she has been evicted by paramount title. These facts do not, as I have before made apparent, show a failure of consideration, or constitute any defense to the action. If she had alleged her counter-claim for the breach of the covenants, the plaintiffs might have been able to show that such covenants had been in some way discharged or satisfied, or that there was some other answer to a claim for a breach thereof. She failed

not only to allege her counter-claim for the breach of the covenants which she held, but the sole ground upon which judgment was given for her at the Special Term was a failure of the consideration for her promise to pay the mortgage.

But I am of opinion that Mrs. Leavitt did not have the same defense against the plaintiffs which she would have had if the action had been by Fuller. They do not take their cause of action by assignment from Fuller, so that it would be affected with any equities existing between her and Fuller. Their only relation to Fuller was that of creditors, and that relation brings them into privity with Mrs. Leavitt, so that they can adopt her promise made for their benefit. As said in some of the decided cases, they are in the same position as they would have been if Fuller had assumed to act as their agent in obtaining this promise, and they had then adopted his acts. The person making the promise, in such a case, thereby becomes the principal debtor, and his grantor remains a mere surety for him. And it was never heard that the principal debtor, when sued by his creditor upon his promise, can bring into the litigation, for the purpose of defeating or diminishing the claim of his creditor, equities or counter-claims which he holds against his surety for the same promise. But the contract of assumption must be a valid one, binding as between the promisor and promisee, and the promisor may undoubtedly make any defense based upon the invalidity of the contract, when sued by the third party, which he could interpose to an action based on the contract brought by the promisee. He may show that the contract was obtained by fraud or mistake, or that for any other reason it never bound him. But he can go no further. Where a valid contract to pay the third party is made, the debt becomes his, and he must pay it as the primary debtor. His promise to pay is not collateral to the obligation of the promisee, but is an original promise, and need not even be in writing ; and according to many authorities in this State, the promisee could not release him from his promise, after the promise has once become binding. So thoroughly does the grantee, who has assumed a mortgage, become the principal

debtor, that if he should take an assignment of the mortgage, it would at once become merged in his legal estate ; and if the mortgagee should grant an extension of time of payment to the grantee, it would release the mortgagor as surety. (*Thomas* v. *Dickinson*, 12 N. Y. 364 ; *Ricard* v. *Sanderson*, 41 id. 179; *Douglass* v. *Wells*, 18 Hun, 88 ; *Hartley* v. *Harrison*, 24 N. Y. 170 ; *Garnsey* v. *Rogers*, 47 id. 242 ; Thomas on Mortgages, 183 ; Jones on Mortgages, § 740 *et seq.*) In *Benedict* v. *Hunt* (32 Iowa, 27), it was held a good defense to a claim for a deficiency judgment upon the foreclosure of a mortgage assumed by a grantee, that the grantor had no title to the property, and that his representations respecting the same were false and fraudulent, and that the grantee was induced thereby to assume the payment of the mortgage. Here there is no allegation or claim by Mrs. Leavitt of any fraud. In *Flagg* v. *Munger* (9 N. Y. 483), where it is said in substance by PARKER, J., that the holder of a mortgage assumed can avail himself of no right beyond what the grantor would have had against the grantee, and that if the grantor could en- -force no claim against the grantee, the mortgagee has none ; the language used had reference to a case where the defense claimed by the grantee was founded upon the very terms of the contract by which he assumed payment of the mortgage.

It is further contended, that in this action to foreclose this mortgage there can be no judgment for any deficiency against Mrs. Leavitt, because here there can be no sale under the foreclosure which will convey any title against the heirs of Howell. This contention is not well founded. If it were, it would follow that there could be no judgment for a deficiency in the case of any foreclosure where there was an outstanding paramount title which could not be affected by the foreclosure ; and in all cases, a party against whom a deficiency judgment was claimed could defeat such a judgment by showing, if he could, such a paramount title. There is no authority for such a contention. Here all the persons who could properly be, were made parties defendant. The heirs of Howell, holding a paramount title older than and superior to the mortgage, could not

properly be made parties, and their title is wholly unaffected by the mortgage and could not be cut off by its foreclosure. The action in such cases must proceed to judgment, and there must be a sale, and the purchaser will get such a title as a quit-claim deed signed by the parties would give him. The action cannot be defeated by proof that no title would in fact be conveyed; and if but a nominal amount should be realized, there must be judgment for the deficiency against parties liable therefor.

I am, therefore, of opinion that the order of the General Term was right, and that it should be affirmed, and judgment absolute ordered against the appellant, with costs.

All concur with ANDREWS, J., except FOLGER, Ch. J., and EARL, J., dissenting, and DANFORTH, J., not voting.