### EIGHMIE *v.* TOWNSEND.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

TRUSTS—PERSONAL LIABILITY OF TRUSTEE—PROMISE TO PAY DEBTS.

　　A debtor conveyed property to defendant by chattel mortgage in consideration in part of defendant's promise to pay a debt of the debtor to plaintiff out of such property. *Held,* that defendant took the property charged with a trust in favor of plaintiff, and he could not relieve himself of liability by turning the property over to the debtor.

Appeal from Dutchess county court.

Action by Edgar Eighmie against Jacob Townsend to recover on a promise made by defendant to pay a debt due from one Belle Cunningham to plaintiff. The consideration of such promise was the conveyance to defendant by Belle Cunningham of certain property to defendant by chattel mortgage. Defendant released the property without paying plaintiff's debt, and plaintiff seeks to enforce the same against defendant personally. There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frank L. Akerly,* for appellant. *G. & G. H. Williams,* for respondent.

PRATT, J. It is a well-recognized rule that a promise to pay the pre-existing debt of a third person to the promisee is not within the statute of frauds if the substantial effect of its fulfillment will be to discharge the debt out of a fund furnished to the promisor by the debtor in contemplation of which the

promise was made. The plaintiff testified that defendant promised to pay him the debt declared on; and the original debtor, Cunningham, also testified that, in consideration of the mortgage she gave to defendant, he made a promise to her to pay the debt; and the jury must have so found. The promise, in any view, having been made for the benefit of the plaintiff, he could, under the authority of *Lawrence* v. *Fox*, 20 N. Y. 268, maintain an action upon it, unless it was void under the statute of frauds. In this case it is settled by the verdict that, at the time the fund or property out of which the debt of Cunningham was to be paid, the defendant promised to pay the debt, and that subsequently the defendant promised to pay the said debt to the plaintiff, without any new consideration proceeding from the plaintiff to the defendant. The defendant himself testified as to the conveyance of the property, and that Cunningham wanted him to sell the property and pay the debts. He also testified that he promised to pay the debt out of the proceeds of the property. The defendant, therefore, received the property charged with a trust for the benefit of plaintiff, and he could not relieve himself of that trust by turning over the property to Cunningham, or upon her order or consent. The property placed in the hands of the defendant was ample to pay all the obligations assumed by the defendant, so that there is no suggestion of failure of consideration between Cunningham and Townsend, the defendant; therefore the case of *Dunning* v. *Leavitt*, 85 N. Y. 30, and other cases cited by appellant, have no application. Judgment affirmed, with costs.

All concur.