### GILMARTIN v. VAN HORN.

#### (Supreme Court, Appellate Term. November 29, 1907.)

CONTRACTS—FAILURE OF CONSIDERATION.

> Plaintiff and D. sold their tailoring establishment to defendant, together with all their stock of goods, good will, and accounts. They represented that the accounts of two persons which had been collected were still owing to the firm and that part of the firm's goods were in another state. Defendant having refused to pay a claim against the old firm, plaintiff paid it, whereupon he sued defendant therefor, but admitted that the absent goods had never been delivered to defendant, and that their value exceeded the claim sued on, and also failed to deny that he had collected the accounts in question. *Held*, that plaintiff's evidence established a failure of consideration, which was a complete defense to the action.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John J. Gilmartin against Herbert E. Van Horn. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Reno R. Billingham, for appellant.
Mervyn Wolff, for respondent.

LEVENTRITT, J. The defense was sustained by proof uncontroverted and unimpeachable, yet the plaintiff has judgment. A brief review of the testimony will lead to the conclusion that the judgment is the result of mistake and oversight.

Prior to July 21, 1906, the plaintiff and one Dewell composed the firm of Gilmartin & Dewell, engaged in business as custom tailors. On that day they entered into a written agreement with the defendant by which they sold and bound themselves to deliver to him their tailoring establishment, "together with all the stock of goods belonging to said firm, wherever situated, and all accounts now due or to

grow due to said firm, together with the good will of said business."
In consideration therefor the defendant assumed and agreed to pay
all the existing indebtedness of the firm. At the time of the sale the
entire stock of goods belonging to the firm was not in their place of
·business in this city, but a very considerable portion thereof was, as
represented by the plaintiff and his partner, in Pennsylvania. Before
the agreement was executed the parties went over the firm books with
a view to ascertaining its accounts receivable. Among other debtors,
those books disclosed that one Coe owed the firm $25, and one Saun-
ders owed $22, and the plaintiff and his partner told the defendant
that those accounts were open and formed a part of the assets which
would be assigned. Among the creditors of the firm at the time of the
sale was one David, whose demand the defendant refused to honor,
whereupon David sued the plaintiff and Dewell, and recovered a judg-
ment for $69.79, which the plaintiff paid.

Alleging that the defendant's failure to discharge David's claim
constituted a breach of his agreement to pay the firm debts, the plain-
tiff brought this action to recover the $69.79. The defense was that
the consideration for the defendant's assumption of the liabilities
failed to an extent largely in excess of the plaintiff's claim, by reason
of the fact that the Pennsylvania merchandise had never been deliv-
ered, and that the accounts against Coe and Saunders had no ex-
istence, having been collected by the plaintiff. Upon the plaintiff's
examination he admitted that the Pennsylvania goods never came into
the defendant's possession, and that their value far exceeded $69.79,
and, either by direct admission or by failure to deny, he conceded that
he had collected the Coe and Saunders accounts.

The plaintiff rested his case on his own testimony, and, while he
established his cause of action, he at the same time established the
defense. ·Although not requisite to his right to a judgment, the de-
fendant introduced the testimony of himself and of Dewell, the plain-
tiff's former partner. Their examination throughout, both direct and
cross, only tended to emphasize the facts supporting the failure of
consideration for which the defendant contended. Under the circum-
stances disclosed there is no evidence to weigh; but the case resolves
itself into a refusal of the trial justice to recognize a defense, not only
abundantly proven, but admitted. The judgment appealed from must
be reversed.

Judgment reversed, and new trial ordered, with costs to appellant
to abide event. All concur.