### DETMER WOOLEN CO. v. VAN HORN.

(Supreme Court, Appellate Term.  May 15, 1908.)

PARTNERSHIP—PURCHASE OF FIRM BUSINESS—ASSUMPTION OF DEBTS.

Where defendant purchased a tailoring business and stock of goods from a firm agreeing to assume all the firm's indebtedness, the right of a creditor of the firm to recover on defendant's promise was subject to the equities between the original parties to the contract, and, in an action by such creditor, evidence that a considerable part of the goods had not been transferred to defendant, together with evidence of a failure of consideration for the promise, was admissible, although defendant had entered into possession of and continued the business so transferred for about a year, and had compromised with all the firm's creditors except plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Detmer Woolen Company against Herbert E. Van Horn.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Reno R. Billington, for appellant.
Samuel Hoffman, for respondent.

GIEGERICH, J.  Gilmartin & Dewell, by an instrument in writing dated July 21, 1906, transferred to the defendant their tailoring establishment, "together with all the stock of goods belonging to said firm wherever situated, and all accounts now due or to grow due to said firm, together with the good will of said business," in consideration of which transfer the defendant assumed all the indebtedness of that firm.  The plaintiff seeks to recover upon such assumption agreement on the defendant's part.  The defense is a failure of consideration.  Upon the trial, the defendant attempted to prove that a considerable part of the stock of goods belonging to the firm had not been transferred, but had, in fact, been appropriated by one of the members of

said firm, but such evidence, as well as all testimony tending to show a failure of consideration of the promise in suit, was excluded upon the objection of the plaintiff, and the defendant duly excepted. The plaintiff's right to recover upon the promise in question is subject to the equities between the original parties thereto (Merrill v. Green, 55 N. Y. 270; Hinman v. Bowen, 3 Hun, 192; Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617; Wheat v. Rice, 97 N. Y. 296; Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177; Arnold v. Nichols, 64 N. Y. 117; 7 Am. & Eng. Enc. Law [2d Ed.] 109), and it was therefore the defendant's right to prove, if he could, either an entire or partial failure of consideration for such promise (Hinman v. Bowen, supra; Dunning v. Leavitt, supra; Loeb v. Willis, supra; 6 Am. & Eng. Enc. Law [2d Ed.] 792, 795).

It is urged by the plaintiff that the defendant got all he bargained for by the bill of sale; but this court in November, 1907, in construing this instrument upon the facts then before it, held otherwise. Gilmartin v. Van Horn (Sup.) 107 N. Y. Supp. 131.

Another point advanced by the plaintiff is that the defendant entered into possession of and continued the business so transferred for about one year and compromised with all the firm's creditors, except the plaintiff, and that consequently it is too late now to assert that some of the firm's property was not turned over to him; but, under the rule above stated, the facts which the defendant sought to establish, if true, tended to show that the defendant had, to some extent at least, a defense to the plaintiff's action.

It was therefore error to exclude the evidence upon the points referred to; and the judgment should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

GREENBAUM, J. (concurring). By the instrument under which the defendant acquired the business, which formerly belonged to the firm of Gilmartin & Dewell, and as part consideration of the transfer, he assumed to pay all the indebtedness of the vendor firm. It is conceded that the agreement of assumption ordinarily would be enforceable against defendant by the plaintiff a creditor at the time of the execution of the agreement

It is, however, claimed that the learned trial justice erred in excluding testimony proffered by the defendant tending to show that Gilmartin & Dewell did not transfer to defendant all the assets that had been agreed upon between them and defendant. The undisputed facts show that, after knowledge of the alleged fraud, the defendant continued in possession of the business, and never rescinded the contract of sale. The rule is that, where a fraud is perpetrated in procuring the execution of a contract, the party defrauded has an election of remedies. He may after knowledge of the fraud rescind the contract and recover back that which he has parted with, or he may continue to perform on his part and maintain an action for such damages as he may have sustained by reason of the fraud. Pryor v. Foster, 130 N. Y. 171, 175, 29 N. E. 123, and cases cited. As al-

ready observed, the defendant did not rescind, but, on the contrary, it appears that he had, in effect, in one instance at least recognized the continued existence of the contract by offsetting a claim asserted by Gilmartin & Dewell under the agreement by showing a partial failure of consideration by reason of the nondelivery to defendant of all the assets purchased thereunder. Gilmartin v. Van Horn, 141 N. Y. St. Rep. 131, 107 N. Y. Supp. 131. It further appears that defendant has recognized the agreement by settling at 40 cents on the dollar with most of the creditors of Gilmartin & Dewell whose debts had been assigned. But "a creditor could not adopt the agreement * * * made for his benefit without taking it subject to any assault" which he who assumed could make upon its validity. Arnold v. Nichols, 64 N. Y. 117, 119. It is true, as stated in the case just cited, that the purchaser "could not retain the fruits of the agreement, and refuse on account of fraud to bear its burdens"; but obviously this does not mean that the defendant in an action of this kind may not show to what extent he has suffered damages against Gilmartin & Dewell for the purpose of entirely or partially defeating a recovery by plaintiff, as the facts might warrant. In the Arnold Case it is expressly stated that there was no allegation that the defendant "had ever suffered any damage on account of the fraud alleged." The plaintiff's right to sue is a derivative one and "subject to the relation and equities of the original promisor and promisee." Wheat v. Rice, 97 N. Y. 296, 302. The trial justice erroneously excluded all testimony tending to show what, if any, damages the defendant may have been entitled to offset by reason of the misrepresentations of Gilmartin & Dewell.

I concur in a reversal of the judgment.