Van Kannel Revolving Door Company, Plaintiff, *v.* Poughkeepsie Hotel Company, Inc., Defendant.

First Department, January 13, 1922.

Contracts — action by third party to recover from lessee of building price of revolving door installed under contract between lessee and landlord — agreement by lessee to pay landlord not enforcible by plaintiff — consideration for agreement by lessee failed on eviction after foreclosure of mortgage on premises.

The plaintiff, who contracted with the owner of a hotel to install revolving doors, cannot recover from the defendant, a lessee of the hotel, on an agreement between the defendant and its landlord to pay for the installation of one of the revolving doors, for the agreement between the lessee and the landlord was not made for the benefit of the plaintiff but was merely an agreement by the lessee to reimburse the landlord for the expense, and furthermore, it appeared that the lessee had paid and discharged its obligation to the landlord before this action was commenced.

If the defendant were liable to the plaintiff on the agreement, that liability terminated when the defendant was evicted from the premises following foreclosure of the mortgage thereon, for at that time the consideration for the agreement failed.

Submission of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Melvin G. Palliser* [*Norman H. Glode* of counsel; *William C. Gehring* with him on the brief], for the plaintiff.

*Hardy, Stancliffe & Whitaker* [*Noah A. Stancliffe* of counsel; *William F. McDermott* with him on the brief], for the defendant.

Page, J.:

The controversy arises by reason of the plaintiff's claim that the defendant is liable to it for certain revolving doors installed in a building of which the defendant was the lessee.

The defendant leased from the Morgan House Company a hotel building in the city of Poughkeepsie for the term of eleven years from the date when the improvement and repairs specified in Schedule B annexed to the lease were completed

and the entire premises ready for occupancy. Among the improvements specified in Schedule B is the following: " A revolving door to be installed at the Main Street entrance of the bar room. A revolving door to be installed at the hall entrance and a revolving door to be installed at the entrance of the third store from Catherine Street, this latter door to be six (6) feet six (6) inches, both doors to be installed at the expense of the tenant."

The day after the date of the lease the Morgan House Company accepted the proposal of the plaintiff to furnish and erect the three revolving doors for the sum of $625 per door. Between the dates of October 30, 1917, and February 10, 1918, the plaintiff installed and completed the three doors. The plaintiff wrote to the Morgan House Company demanding payment, to which an answer was sent stating that the arrangement with the defendant's president was that he was to pay for two of the revolving doors and the Morgan House Company for one, but promising to send a check between the first and fifteenth of April. Payment not having been made as agreed, the plaintiff wrote on May first demanding payment. This letter was referred to defendant and answered by the defendant's president, who wrote that, owing to the failure of a firm which was largely interested in the Morgan House Company, at this particular time a settlement could not be made. The letter continued: " The Poughkeepsie Hotel Company, who is receiving the benefits of the revolving doors, will take over the responsibility of payment of this account, the same to be arranged by me when I arrive in New York." Then followed a detailed statement of the incumbrances and outstanding liabilities of the Morgan House Company, and the letter closes with the statement that " The property would not sell under the hammer tomorrow for one cent more than $185,000 or $190,000 and that is not sufficient to cover the mortgage debt, so I believe that I can arrange this with you through the Hotel Company to your satisfaction." The defendant's president went to New York and had an interview with the plaintiff's attorney and made certain propositions for settlement of the plaintiff's claim which the plaintiff refused. In the letter transmitting the defendant's proposition of settlement the plaintiff's attorney stated: " Of course the Pough-

keepsie Hotel Company is not under any legal or other obligation to pay your claim, or any claim of the Morgan House Company, or any claim against the property, and the only reason Mr. Duncan makes this offer is that he wishes to protect his lease in the event of a foreclosure."

The plaintiff filed a mechanic's lien against the property. Thereafter an action was brought to foreclose a mortgage which was a lien superior to the lease of the defendant and the mechanic's lien of the plaintiff, both of whom were made parties defendant; a judgment of foreclosure and sale was entered and pursuant thereto a sale was made to a stranger to this controversy.

During the pendency of the foreclosure action the defendant herein brought an action for an accounting against the Morgan House Company in the Supreme Court, in which it claimed that there was a mutual mistake in drafting the lease; that it was the agreement that the defendant was to be liable for only one of the doors and not for two, as provided in the lease, to which claim the Morgan House Company acquiesced. It was determined between the Morgan House Company and the defendant herein that the latter was required to bear the expense of the installation of one of the revolving doors, and that the defendant had advanced to or for the account of the Morgan House Company sufficient money to offset the expense of one of the doors. Upon the foreclosure sale only two of the revolving doors were sold as a part of the mortgaged premises.

The plaintiff seeks to sustain its claim upon the case of *Lawrence* v. *Fox* (20 N. Y. 268). The agreement between the Morgan House Company and the defendant was not made for the benefit of the plaintiff. The Morgan House Company assumed the obligation of putting in the three revolving doors. The defendant agreed to bear the expense of one; that is, to reimburse the Morgan House Company for the expense to that extent. The defendant paid and discharged its obligation before this action was brought.

If the case of *Lawrence* v. *Fox* did apply to the original undertaking, the agreement related to the improvement of the premises leased to the defendant; the consideration to the defendant was the benefit to it as a tenant under the lease. When the tenant was evicted by the foreclosure of the mort-

gage and its tenancy terminated, the consideration for the agreement failed. (*Dunning* v. *Leavitt*, 85 N. Y. 30, 35.)

Judgment should be directed for the defendant, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment ordered for defendant, with costs. Settle order on notice.