Henry J. Latham, J.
The defendant, Westinghouse Electric Corporation, moves against the plaintiffs’ amended complaint, pursuant to rule 107 of the Rules of Civil Practice, to dismiss the second and third causes of action as against it, on the basis of the Statute of Frauds, and pursuant to rule 106, on the ground that they do not set forth facts sufficient to constitute a cause of action.
By separate motion all of the other defendants move in similar fashion for the same relief, as to the first and third causes of action. The court will treat first the motion of Westinghouse.
In the second cause of action which is against Westinghouse alone, the plaintiffs allege the issuance of literature by this defendant, which induced the plaintiffs to purchase its product. This literature read in pertinent part as follows:
“ The UNIT AIRE is entirely assembled in Westinghouse plants, where all of its major parts are manufactured. Thus, you are assured of Westinghouse undivided responsibility for dependable operation.
“ You can be SURE ... If it’s WESTINGHOUSE.”
Plaintiffs then allege the ‘1 aforesaid covenant * * * was made * * * for the benefit of a third party # * * the plaintiff herein which benefit is the direct result of the plaintiff and (other) defendants entering into a contract.” The contract is described in the first cause of action as one for a heating and air conditioning system for the plaintiffs’ house. It is patent that in the absence of a contract between defendant Westinghouse and someone else for the benefit of the plaintiff, the third-party benefit rule has no application. The general advertising of the defendant Westinghouse cited above was not such a *657 contract. Neither is any privity alleged directly between the defendant Westinghouse and the plaintiffs. This cause of action must, therefore, be dismissed.
The third cause of action against all of the defendants is a catch-all which realleges by reference the first cause of action (for fraud) and the second (third-party benefit-breach of contract-rescission) and adds thereto that “ defendants ” undertook to repair the system, did so negligently and failed to correct the defective conditions.
An affidavit of an officer of the defendant Westinghouse states flatly that this defendant is not privy to any parties to this suit, and this statement is confirmed by the copies of the contract annexed and, in addition, that it made no repairs of any kind.
The plaintiffs submit no affidavit challenging this statement, but merely offer letters and invoices indicating that this defendant inspected the premises, contacted the installing dealer, and furnished a replacement part to its distributor, Westinghouse Appliance Sales Corporation. Since this defendant did not make repairs, and there is no privity between it and the plaintiffs, and this is not an inherently dangerous product, so as to come under the MacPherson v. Buick Motor Co. rule (217 N. Y. 382), no liability arises as to this defendant merely because it manufactured part of the heating and air conditioning system, and this cause of action likewise must be dismissed as to this defendant.
The defendant Jamoco Air Conditioning Corp. was not in existence at the inception of the contract, and could not, therefore, have been party to a fraud at its inception. The first cause of action is, therefore, dismissed as to this defendant.
In all other respects, the motions are denied. Defendants shall have 10 days after entry of an order hereon to serve answers.
Settle order.