Archibald C. Wemple, J.
It appears from the supporting affidavits filed herein that the defendant Polsinelli purchased a certain plot of land from third persons (not parties to this action). The plaintiff was the real estate broker employed to acquire the land. A portion of paragraph 14 of the contract of sale states: “ It is further agreed by these parties that ‘ Prestige Realty ’ shall be the sole and exclusive broker of these premises if Purchaser herein takes title to the entire plot as *844 hereinbefore set forth ”. The sale was consummated and after a period of time Polsinelli transferred his interest in the property to defendant Dap Builders. The attorney for the defendant Dap Builders by letter of May 20, 1959 notified the plaintiff that it was his opinion that under the language of paragraph 14 as mentioned above, no exclusive agency was created for the reason that no consideration passed, and also that it violated rule 15 of Synopsis of Laws promulgated under article 12-A of the Beal Property Law in that there was no termination date stated.
If the plaintiff is to succeed in this action he must do so as a third-party beneficiary, since the contract he is suing on was made between Polsinelli and the sellers of the land in question. (Lawrence v. Fox, 20 N. Y. 268.)
The contract in question is a six-page 16-paragraph document. The alleged exclusive agency is contained in two and one-half lines hereinbefore quoted. Upon reading the contract the first question that presents itself is whether or not the plaintiff is an incidental beneficiary. If that is so, the plaintiff’s complaint must fail. In order for one to enforce a contract as a third-party beneficiary, the benefit must be one that is not merely incidental. The fact that an agreement was merely for a third-party’s incidental benefit is not sufficient to enable him to sue on it. In order for a third party who may be benefited by the performance of a contract to be entitled to sue thereon, there must have been an intention on the part of the contracting parties to secure some direct benefit to him. The main object of the contract in this action was to sell real property for a specified and agreed price. As part of the agreement, the plaintiff Prestige Realty was to and did receive a commission from the sellers.
In examining the law on this subject and the various cases, nowhere does it appear that a third-party beneficiary may enforce a collateral or incidental promise. All of the cases deal with enforcement of the promise running from the promisor to tiie promisee. (Seaver v. Ransom, 224 N. Y. 233 ; Tomaso, Feitner & Lane v. Brown, 4 N Y 2d 391 ; Snyder Plumbing & Heating Corp. v. Purcell, 9 A D 2d 505 ; Van Kannel Revolving Door Co. v. Poughkeepsie Hotel Co., 199 App. Div. 505 ; Wolfkeil v. Jamoco Air Conditioning Corp., 19 Misc 2d 655.) Here we have a promise if it can be construed as such, running directly to the third party (plaintiff herein) who was not a party to the contract. A reading of the contract leaves the impression that the sellers were not attempting to exact an exclusive right to sell from the defendant for the benefit of plaintiff. The promise *845 for the benefit of plaintiff hung in the air without support of consideration. It seems to be an incidental but not a binding factor in the agreement between the contracting parties.
The defendant contends that the promise was without consideration and also claims the contract is invalid since no termination date is mentioned. The plaintiff contends that consideration was provided when the plaintiff found the sellers for the defendant Polsinelli. Certainly past consideration will not be denied effect if it is properly expressed. (Personal Property Law, § 33, subd. 3; Real Property Law, § 279, subd. 2.) Also past or executed consideration such as services rendered by one party at the request of another constitute a sufficient consideration for a subsequent promise. However, in the present case the plaintiff admits that it was paid by the sellers on the sale of the land, and no stretching of the language in paragraph 14 leaves the impression that these past services were to be consideration for a future exclusive agency. Furthermore, no termination date is established. This in itself may not be fatal, but no contract may go on indefinitely. Under the general rules of construction when no termination date is set in a contract, a reasonable time will be construed, or upon the notice of cither party. It would seem that the letter of May 20, 1959 from the defendant’s attorney would be all the terminating notice required. The plaintiff by the affidavit of one of its agents states that Prestige Realty acted as broker for the defendant after this letter, but was unable to get a buyer. It claims that the price was set too high. The plaintiff cannot expect to hold an exclusive listing indefinitely and certainly the seller is in control of the price he wants at all times. If he is not satisfied with the one broker he may change to another.
For the foregoing reasons this court holds that no exclusive listing was contained in paragraph 14 and that plaintiff has no cause of action against the defendants. The defendants’ motion for summary judgment is granted. The complaint of the plaintiff is dismissed.