## SUPREME COURT.

### ALLEN agt. COMPTON.

Where an amended answer is served for delay, and at so late a period as to throw the cause over the circuit, it may be treated as a *nullity*.

*Tompkins Special Term, May*, 1853. This was a motion on the part of the plaintiff, to strike out the defendant's amended answer, on the ground that it was for the purpose of delay and to cause the plaintiff to lose the last March circuit, for which term the cause was noticed for trial, at the time the amended answer was served. The cause was put at issue by the service of a reply to the original answer, on the 20th day of February last, and on the same day the defendant's attorney was served with notice of trial and inquest, for the 14th of March; and on the 9th of March the amended answer was served. The plaintiff's attorney disregarded the amended answer, and took an inquest at the circuit, and now moves to strike out the amended answer, under the 172d section of the Code. In opposition to the motion, the defendant's attorney swears that his client informed him of two grounds of defence at the time of his retainer, viz: a set off, and want of consideration for the note sued on, but he concluded that the set off would be sufficient, and therefore did not include the other defence in the original answer, but when the plaintiff denied the set off in his reply, he concluded it was best to amend, by inserting the other defence in his answer.

S. B. CUSHING, *for the Motion.*

D. J. SUNDERLIN, *Opposed.*

SHANKLAND, Justice.—The defendant's counsel contends that the plaintiff's counsel was irregular in treating the amended answer as a nullity; and that he should have got rid of it by a motion, prior to taking an inquest under § 172; and also that having treated it as a nullity, this motion is unnecessary, &c. As no reported case has been found, deciding what practice

should be adopted in a case where the amended answer is put in, for delay, and will cause the loss of a circuit, I shall dispose of it in analogy to the practice which prevailed under the old rule in respect of demurrers put in for delay. Then, if the plaintiff replied to the defendant's plea, and took issue on the same, and noticed the cause for trial, and the defendant demurred to the replication in bad faith, or for delay, the plaintiff could disregard it, and proceed to trial. (14th J. R. 345; 1 Cow. R. 152 and 154; 18 W. R. 656; 22 W. R. 623; 4 Hill R. 56.) The 172d section says, that "any pleading may be once amended by the party, of course without costs, and without prejudice to the proceedings already had, at any time before the period for answering it expires, or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading, unless it be made to appear to the court that it was done for the purpose of delay, and the plaintiff or defendant will thereby lose the benefit of a circuit or term for which the cause is or may be noticed, and if it appear to the court that such amendment was made for such purpose, the same may be stricken out, and such terms imposed as to the court may seem just."

If in this case it was necessary to move to strike out the amended answer before the plaintiff could proceed to trial, he would lose the benefit of the circuit, as there was not time to serve the proper notice for that purpose. And in all cases where amended answers are put in for delay, and to throw a cause over the circuit, they are served at so late a day as to prevent a new notice of trial to be served for the circuit in due season, I am of opinion that the party who puts them in, or any amended pleading for delay, is entitled to no favor, and that such a pleading may be treated as a nullity. If it shall prove to have been interposed in good faith, the default will be set aside. No rights are lost to either party by this practice, and it is the only mode the plaintiff can take to save the circuit.

By obliging the plaintiff to move to strike out the amended pleading, as seems to be contemplated by this section of the Code, the defendant can answer the motion by showing his

good faith, and have the inquest set aside;. or he can make a motion to set aside the inquest, and on that motion show that his amended pleading was not put in for delay.

In this case I have no doubt the amended answer was put in for delay. The attorney was instructed as to both defences at the same time, and yet he chose voluntarily to omit one branch of it, until after the cause was put at issue and noticed, and it was too late to re-notice it; such practice cannot be sustained, and this motion is granted with ten dollars costs.