## VANDERBILT *a.* BLEEKER.

*Supreme Court, Second District; General Term, March,* 1857.

### AMENDED ANSWER.—INQUEST.

As a general rule a party cannot judge for himself of the sufficiency of a pleading, or of the materiality of an amendment, but must bring the question before the court.

But when an amended pleading, in which the amendments are clearly frivolous or immaterial, is served immediately before the circuit, and obviously for the mere purpose of delay, it may be disregarded.

Appeal from an order denying a motion to set aside an inquest for irregularity.

This action was brought for the foreclosure of a mortgage. The defendant answered, and afterwards, five days before the circuit at which the cause was noticed, he served an amended answer. This the plaintiff returned, for the frivolousness of the amendments, and proceeded to take an inquest, pursuant to his notice of trial. The defendant moved to set aside the inquest,

and his motion being denied, he now appealed. The circumstances are stated more in detail in the opinion of the court.

*William Watson,* for the appellant. I. The statute gives an absolute right to a defendant to amend within twenty days after the reply, " unless it shall be made to appear to the court that it was done for delay ; and if so made to appear to the court, the court may strike it out on terms." (*Code,* § 174.) The amended answer, which was put in within the time, never has been stricken out by any order of the court. The plaintiff's inquest on the original answer was, therefore, irregular. No power is given by the statute to the plaintiff to put himself in place of the court, and decide on the validity of the pleading. (*Code,* § 174 ; 7 *How. Pr. R.,* 36 ; Griffin *v.* Cowen, 8 *How. Pr. R.,* 453 ; Rogers *v.* Rathbun, *Ib.,* 467 ; Hartness *v.* Bennett, 3 *Ib.,* 289.) There is but one authority in conflict with these four, that of Allen *v.* Compton (8 *How. Pr. R.,* 251). Even in that case the court were moved by the plaintiff to strike out the amended answer ; and Justice Allen, in Griffin *v.* Cowen, shows the fallacy of the decision, in this, that a party may get a short order to show cause at the circuit.

II. The plaintiff, in the present case, had five days after the amendment before the circuit, to have applied, on notice to the court, to strike it out. The court, even if of opinion that it was put in for delay, might, and doubtless would, at all events, have permitted the defendant to go to trial on his amended answer. The plaintiff's proper course was to make such application at the circuit. (8 *How. Pr. R.,* 453.) The question therefore is : Was the inquest regular, or otherwise ? No other question can arise on this motion. Here the validity of the amendment is of no consequence. In Allen *a.* Compton, it was all important.

III. But if the court will, on this motion, consider the validity of the amendment, the amended answer sets up a defence different from that contained in the original, and is such as the defendant had a right to make. The original answer contained clerical mistakes, in using the phrase " defendant" promised to extend the time to 1857, instead of " plaintiff." In the amended answer the mistake was corrected by a second defence, viz. : that the plaintiff, in consideration of receiving seven per cent. instead of six, had extended the time of payment to May, 1857,

Vanderbilt *a.* Bleeker.

and having received the additional premium, was estopped from foreclosing until 1857.

*William J. Street*, for respondent.

BY THE COURT*—EMOTT, J.—The defendant in this case, which was a foreclosure suit, served an amended answer five days before the circuit at which the cause was noticed for trial. The amendments consisted in merely correcting a clerical error or slip of the pen of the copyist, who had put the word "defendant" for "plaintiff" several times. The plaintiff's attorney returned the copy of this amended answer served on him, with a notice that he should disregard it, and accordingly did so; brought on the cause at the circuit, on his previous notice, and took his judgment. I think he had a right to do so. Although, as a general rule, a party cannot judge of the sufficiency of a pleading, or the materiality of an amendment, but must bring the question before the court (8 *How. Pr. R.*, 453), yet when an amended pleading is served just before a circuit, and with the obvious design of throwing the case over, the other party may disregard it if it be clearly a frivolous or immaterial amendment. I think such a case is an exception to the rule I have stated, and has been so regarded.† The design is manifest, and it will be effected just as certainly if the pleading be finally rejected, as if it be permitted to stand, if the plaintiff is to be driven to a motion to get rid of it. The question of the good faith and sufficiency of an amended answer must be raised, in such cases, before the judge at the circuit when the plaintiff moves on the cause. In this case, both the answers are clearly frivolous, and they are alike in all respects, except that which I have indicated.

The order appealed from should be affirmed, with costs.

* Present, S. B. Strong, Birdseye, and Emott, JJ.
† And see remarks of Allen J. in Rogers *v.* Rathbun (8 *How. Pr. R.*, 466).