## SUPREME COURT.

JOHN G. WILMERDING and others, appellants, agt. JOHN CUNNINGHAM, respondent.

*Attachment — Insufficiency of affidavits.*

Affidavits that about a week after defendant's goods, amounting to about $250, were delivered to the defendant, he made a general assignment for the benefit of his creditors, with $10,000 of preferences, and that plaintiff's goods, which were adapted to defendant's business, could not be discovered in his store, are insufficient upon which to grant an attachment when the assignment was assailed by no fact indicating it to have

been in any respect inconsistent with the legal rights of defendant's creditors, and no probably fraudulent disposition of the goods was shown.

A statement in an affidavit that other affidavits had been made and were on file in the office of the clerk, from which it appeared that defendant had purchased goods which had in like manner disappeared, did not strengthen plaintiff's case in the absence of extracts from these affidavits containing a statement of the facts referred to.

*First Department, General Term, June,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from an order vacating and setting aside an attachment.

*Blumenthal & Hirsch,* for appellants.

*John J. Adams,* for respondent.

DANIELS, *J.* — Aside from the facts which other affidavits not made or produced in this case were relied upon as establishing, the proof was insufficient to warrant an attachment. The affidavits read established the fact that within about a week after the plaintiff's goods were delivered to the defendant, amounting to the sum of $256.25, he made a general assignment for the benefit of his creditors, containing preferences to the amount of over $10,000; that his business was that of a manufacturer of cloaks and ladies' suits, for which the goods purchased from the plaintiffs were adapted, and on the 21st of March, 1883, they could not be discovered in the store.

As the assignment was assailed by no fact or circumstance indicating it to have been in any respect inconsistent with the legal rights of the defendant's creditors, and no probably fraudulent disposition of the goods was shown, the right to an attachment by these affidavits was not made out. But in further support of the application it was stated in an affidavit made by one of the plaintiffs that other affidavits had been

made and were on file in the office of the clerk from which it appeared that the defendant had purchased goods which had in like manner disappeared, and had purchased other goods of Jaffray & Co., not in fact delivered to him. No extracts from these affidavits were made containing any statement of the facts referred to, and because of that omission the case was not brought within the decision of *Bennett* agt. *Edwards* (27 *Hun*, 252). The most that was done was to state the conclusion of the person making the affidavit, that the other affidavits proved the facts alleged. But that is not allowable in proceedings of this description, " for the office of an affidavit is to bring to the court the knowledge of facts, and therefore it should be confined to a statement of facts only as they substantially exist, with all necessary circumstances of time, place, manner and other material incidents. It is improper to state conclusions of law or legal propositions. It must not state arguments nor draw inferences " (3 *Greenleaf on Evidence* [8*th ed.*], *sec.* 381).

In these important respects the affidavit was defective, and, without these defective statements, the facts established did not permit the issuing of an attachment.

The order should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concur.