## THOMPSON *v.* BEST.[1]

*(Supreme Court, General Term, First Department.*  January 28, 1889.)

ARREST—IN CIVIL ACTIONS—AFFIDAVIT.

An affidavit for the arrest of a defendant in a civil action, made by plaintiff's attorney, principally on information and belief, and which merely states the conclusions which the affiant has formed from the reading of certain documents, the contents of the documents not being set out, is insufficient.  MACOMBER, J., dissenting.

Appeal from special term, New York county.

Action by James Thompson against William J. Best.  On the affidavit of the plaintiff's attorney, an order for the arrest of the defendant was issued, and from the refusal of a motion to vacate such order the defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Donohue, Newcombe & Cardozo,* for appellant.   *Wm. Lindsay,* for respondent.

VAN BRUNT. P. J.  The allegations in the affidavit are principally made upon information and belief.  This affidavit states the conclusions which the affiant has formed from the reading of documents which he alleges he has in his possession.  The court has no means of judging of the soundness of these conclusions, as it is not put in possession of any of the evidence upon which they are founded.  The court is therefore asked to issue an order of arrest simply because the attorney of the plaintiff believes that he has evidence in his possession which tends to establish a ground of arrest.  It has been sometimes supposed that the function of determining whether the evidence is sufficient to justify this extreme remedy has by the law been devolved upon the court, and not upon the attorney.  The case of *Wilmerding* v. *Cunningham,* 65 How. Pr. 344, clearly condemns as insufficient an affidavit whose allegations are simply made upon information and belief, without disclosing the evidence upon which this belief is founded.  The very office of an affidavit is to present evidence to the court from which it may draw its conclusions as to the fact, thereby differing from a complaint in which evidence should not be alleged, but conclusions of fact to be established by evidence.  The order appealed from should be reversed, with $10 costs and disbursements, and the order of arrest.

BRADY, J., concurs.

MACOMBER, J., (*dissenting.*)  The motion to vacate the order of arrest, being made solely upon the papers upon which the order was granted, could not have prevailed unless the affidavit was wholly insufficient to support the order.  The allegations are made principally upon information and belief.  It is argued by the appellant's counsel that, inasmuch as the letters, statements, papers, and communications referred to in the affidavit are not set forth, the evidence is insufficient; being made by the attorney or agent of the plaintiff, and not by the plaintiff in person.  The rule simply requires that the sources of the information may be given where an allegation is made upon information and belief, but it does not compel the affiant to spread upon the record, in detail, the contents of such communications or documents.  Their substance is given, from which the agent verifying the complaint appears to have been wholly justified, and in preparing his affidavit.  Indeed, the allegation of the actual indebtedness of the defendant to the plaintiff cannot be said to be wholly upon information and belief, for it is positively stated to be admitted by the defendant himself, in his own handwriting.  Under these circum-

[1] Reversing 2 N. Y. Supp. 220.

stances, the affidavit upon which the order of arrest was granted seems to have been sufficient, and the order denying the motion to vacate should be affirmed, with $10 costs and disbursements.