## SEIDMAN *v.* GEIB *et al.*

*(Common Pleas of New York City and County, Special Term.* December 3, 1890.)

1. PLEADING—FRIVOLOUS ANSWER.

In an action to foreclose a purchase-money mortgage, the answer admitted the allegations of the complaint, but alleged that when plaintiff conveyed the land to defendant there was a paramount outstanding title to a part of the land. The answer, however, admitted that defendant entered into possession of the premises, and there was no claim that she had not continued in undisturbed possession. Moreover, the answer did not maintain that any one had ever asserted a paramount title or right of possession, and there was no intimation that plaintiff was not wholly solvent. *Held,* that the answer should be stricken out as frivolous, since the question of such title could not be tried in such action.

2. FRAUD—PLEADING—INFORMATION AND BELIEF.

Allegations of fraud made on information and belief, without a statement of facts on which such belief is founded, are insufficient.

Action by Herman Seidman against Agnes Geib and others to foreclose a purchase-money mortgage given by said defendant to plaintiff.

*George Haas,* for plaintiff.　*D. K. Schuster,* for defendants.

BOOKSTAVER, J.　The motion is to strike out answer as frivolous and for judgment.　An action is brought to foreclose a purchase-money mortgage. The answer in question admits the making of the mortgage, and default in paying the installment due.　None of the material allegations of the complaint are denied, unless it be the execution of the bond, which must be through inadvertence; but this is cured, because, in setting up the affirmative defense in the answer, the execution of the bond is expressly averred. The defendant alleged as a defense that plaintiff conveyed the premises to her by a full covenant warranty deed, and avers facts to show that the deed did not convey the fee of the whole premises, but that there was a paramount title to one-fourth of it in one Annie Metzger, at the time of the conveyance. She admits that she entered into the possession of the premises, and there is no claim that she has not continued to be and is not now in undisturbed possession of them.　She had neither been evicted nor disturbed in her possession, nor has any adverse action been commenced, as far as appears from the pleadings.　No one has asserted or claimed a paramount title or a right of the possession, nor is it maintained that the plaintiff is not wholly solvent.　In *Abbott* v. *Allen,* 2 Johns. Ch. 519, Allen, with his son, gave a deed in fee, with covenants for seisin in fee, with right to convey, for quiet enjoyment and against incumbrances, and with a general warranty. A purchase-money mortgage was given for a part of the consideration. Believing title to have failed, Abbott filed a bill, in which he set forth the facts, and alleged the defect of the title, and prayed that the defendant should perfect the title or pay the plaintiff the deficiency, and be enjoined in the mean time from all proceedings on the bond and mortgage, and an *ex parte* injunction was granted, and the defendant moved to dissolve it on the facts, and that motion prevailed; the chancellor saying: "This case comes within the general doctrine declared in *Bumpus* v. *Platner,* [1 Johns. Ch. 213,] that a purchaser of land who is in possession cannot have relief here against his contract to pay on the mere ground of defect of title, without a previous eviction. * * * It would lead to the greatest inconvenience, and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third person asserts, or takes any measures to assert a hostile claim, can be permitted, on suggestion of a defect or failure of title, and on the principle of *quia timet,* to stop the payment of the purchase money, and of all proceedings at law to recover it.　Can this court proceed to try the validity of the outstanding claim in the absence of the party in whom it is supposed to reside, or must he be brought into court against his will to assert or renounce a title which he never asserted, and perhaps never thought of?"　If such a state of facts was insufficient to main-

tain an action where it was possible to bring in a party supposed to have the adverse claim or title, it certainly is not good as a defense where the right of the third party must be determined without the possibility of bringing him into the action; and this doctrine has been subsequently affirmed since. *Leggett* v. *McCarty*, 3 Edw. Ch. 124; *Banks* v. *Walker*, 2 Sandf. Ch. 344; *Miller* v. *Avery*, 2 Barb. Ch. 582; *Edwards* v. *Bodine*, 26 Wend. 109; *Griffith* v. *Kempshall*, Clarke, Ch. 571; *Platt* v. *Gilchrist*, 3 Sandf. 118; *Farnham* v. *Hotchkiss*, *41 N. Y. 9; *Parkinson* v. *Jacobson*, 13 Hun, 317; affirmed, *sub nom. Parkinson* v. *Sherman*, 74 N. Y. 88. An action was brought in the supreme court by the defendant herein against the plaintiff herein to compel the defendant in that action (being the plaintiff in this action) to accept a reconveyance of the premises, and to repay the plaintiff the purchase price, and to cancel the purchase-money mortgage, alleging the same facts in the complaint which are set forth in the answer herein as a defense. The action in this court for the foreclosure of the mortgage having been commenced afterwards, an order was asked for in the supreme court restraining the defendants in that action from proceeding with the action in this court to foreclose the mortgage, and the learned judge before whom the motion was made entertained the same view of law that I have above expressed, and denied the motion, which I think is a substantial adjudication of the question between the parties to this action, and would be conclusive for this motion but for the facts that since such decision, and since the making and the argument of the present motion, the defendant has served an amended answer, in which she attempts to change the whole character of the defense to one of fraud. The allegations in respect to such fraud clearly show that the facts on which the defendant founds it were fully within her knowledge at the time of commencing the action in the supreme court, and consequently she must have known of them when she interposed her original defense in this action; and I cannot avoid the conclusion that they were set up solely in consequence of the refusal of the supreme court to enjoin the prosecution of this action, and for the purpose of delay. Besides all this is alleged upon information and belief, and no facts on which such a belief is founded are stated. Such allegations are insufficient. *Kay* v. *Whittaker*, 44 N. Y. 565. I think the answer is interposed for delay merely, and should be treated as a nullity. *Allen* v. *Compton*, 8 How. Pr. 251; *Vanderbilt* v. *Bleeker*, 4 Abb. Pr. 289. I therefore think the motion should be granted, with costs.