### Simpson v. Langley.

**Practice—Sham Defenses.**
When the affidavits in support of a motion to strike out an answer because of its being a sham make a *prima facie* case against the truth thereof, and no showing is made in support of the plea, it may be stricken out and judgment may be rendered for the plaintiff.

*Appeal from the District Court of Arapahoe County.*

Messrs. Baxter & Fillius, for appellant.

Mr. C. B. Whitford and Mr. H. A. Lindsley, for appellee.

Per Curiam. This suit was instituted by appellee, Lawrence B. Langley, against appellant, John H. Simpson, upon a promissory note executed by the latter to the former, under date of November 16, 1892, and payable ninety days thereafter. The note is for the sum of twenty-five hundred (2500) dollars, with interest at eight per cent per annum. It is alleged that both principal and interest are due and unpaid.

The defendant, in his answer, avers that the note was given in settlement of a commission for the sale of real estate, earned by plaintiff and defendant jointly; that as a part of the consideration the purchaser had executed to the defendant a note for nine thousand (9,000) dollars, payable one year after date; that this amount represented the balance due upon the commission out of which plaintiff was to receive twenty-five hundred (2500) dollars; that although the larger note was not, by its terms, to become due until one year after

date, the maker verbally agreed with plaintiff and defendant to pay the same in a short time, and that the twenty-five hundred (2500) dollar note was executed and delivered with the understanding that it was only to be paid out of the proceeds of the nine thousand (9,000) dollar note. It is further averred that no part of the nine thousand (9,000) dollar note has been paid.

A motion was interposed by plaintiff to strike out this answer for the following among other reasons: "Because the same is sham, frivolous, and filed for the purpose of delay only." In support of this motion, the affidavits of plaintiff and another were filed. After argument, the court sustained the motion, ordered the answer stricken from the files and rendered judgment for plaintiff. To reverse this judgment, the cause is brought here by appeal.

The affidavits filed in support of the motion purport to set forth in detail the entire transaction between the plaintiff and defendant, which culminated in the execution of the twenty-five hundred (2500) dollar note in suit. These affidavits show an absolute liability upon the defendant to pay such note. In the one made by plaintiff, it is stated that the promissory note for nine thousand (9,000) dollars was then past due, and that notwithstanding this fact, no attempt had been made to present the same for payment, but that the defendant had received satisfaction therefor and had agreed to surrender up and deliver the note to the maker. The affidavits further show that after the twenty-five hundred (2500) dollar note fell due, appellant confessed his liability thereon, and also that appellee shortly before bringing suit presented this note to the defendant for payment, and he then said in the presence of a witness that he had no defense, and promised to pay the note as soon as he could raise the money with which to do so.

These affidavits certainly made a *prima facie* case against the truth of the answer, and are sufficient to call for some explanation on the part of the defendant. The defendant having failed to make any showing in support of the answer,

the trial court was justified in sustaining the motion to strike out the plea as sham, and in rendering judgment for plaintiff. *Patrick v. McManus*, 14 Colo. 65; *Dobson v. Hallowell*, 54 N. W. Rep. 939; *Seidman v. Gieb*, 11 N. Y. Supp. 705.

The judgment of the district court will be affirmed.

*Affirmed.*