(21 Misc. Rep. 442.)  AMMON v. KELLAR et al.

(Supreme Court, Appellate Term.  October 28, 1897.)

1. ARREST IN CIVIL ACTIONS—SUFFICIENCY OF AFFIDAVIT.

Plaintiff, as assignee of a claim against defendant, a broker, for alleged conversion of moneys remitted by plaintiff's assignor, procured an order of arrest based only on his own affidavits. All his allegations, except as to the fact of the assignment, were on information and belief. As to some of them, there was no statement of the source of his information, and as to the others such statement was incomplete or ambiguous. *Held* insufficient to sustain the order.

2. SAME.

The affidavit further stated that affiant knew the matters alleged "from facts and evidence in his possession." *Held* insufficient, because such facts and evidence were not disclosed so that the court might judge whether affiant's conclusions therefrom were justified.

Appeal from city court of New York, general term.

Action by Robert A. Ammon, assignee of John W. Treat, against Sam Kellar and John Doe (the name of the latter defendant being fictitious, his real name being unknown to plaintiff), composing the firm of Sam Kellar & Co., to recover the sum of $666.68 for the conversion of moneys intrusted to defendants by plaintiff's assignor, to use as margins for the purchase and sale of stocks or grain. An order denying defendant Kellar's motion to vacate an order of arrest issued against him was affirmed on appeal to the general term (46 N. Y. Supp. 1089), and he appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Leon Cronfeld and Cronfeld & Harris, for appellant.

W. J. Woods, for respondent.

DALY, P. J. The plaintiff obtained an order for the arrest of the defendant Kellar and his partner (name unknown) on the ground that they had converted to their own use the sum of $666.68 which had been remitted them from Hannibal, Mo., by the plaintiff's assignor, John W. Treat, and received by them for the purchase or sale of stocks and grain for the benefit of the said assignor. The defendant Sam Kellar, who was arrested under the order, moved to vacate it on the ground that the affidavit and complaint on which it was granted were insufficient, in that they failed to set forth the sources of the affiant's (plaintiff's) information, or the grounds of his belief, and that the affidavits of the parties from whom the information was derived were not produced, nor the reason for their nonproduction set forth; and on the further ground that the allegations set forth are mere conclusions, and not statements of fact. The order of arrest was granted upon the plaintiff's affidavit only. In it he states that a copy of the complaint is annexed thereto, and made a part of the affidavit. Reference to the complaint shows that every allegation in it is made on information and belief, except the allegation of assignment to the plaintiff by Treat of his cause of action and claim against the defendants. Nowhere in his affidavit does the affiant allege that the statements in the complaint are true, or that he has any personal knowledge thereof. As the plaintiff is the assignee of the person dealing with the defend-

ant, it is not to be assumed that he had personal knowledge of the transactions between those parties. His affidavit, therefore, proceeds to show from what his knowledge was derived. It states that he is in the brokerage business (in New York); "that he is thoroughly familiar with all the facts out of which this cause of action arises, having in his office all the receipts, statements, accounts, and other papers rendered to deponent's assignor; that he is familiar with the business and business methods of Sam Kellar & Co., the E. S. Dean Co., W. F. Connor & Co., and Talcott & Co., with which said Sam Kellar was connected, and that he has had access to some of the books of Sam Kellar & Co., and knows of his own knowledge that the accounts therein, as well as those submitted to plaintiff's assignor, so far as they relate to the above action, are false; and that the defendant, the above-named Sam Kellar, or Sam Kellar & Co., did not purchase the stocks therein credited at the prices charged this plaintiff, and is informed and believes the fact to be that such stocks were never purchased by said defendants, or any one else for them, on behalf of this plaintiff's assignor." There is no statement that the papers in the deponent's possession show the receipt by defendant from Treat of the sums which it is now sought to recover back; on the contrary, another clause of the affidavit expressly states that in the statements rendered to Treat by defendants no credit has been given for the portion of the money misappropriated for which this suit is brought. The source, therefore, of plaintiff's information, as to payment by his assignor, as alleged in the complaint, between March 3d and 31st, of certain sums amounting to $666.68, is not disclosed. As the allegations in the complaint of the receipts of money by defendants from plaintiff are made upon information and belief, it was necessary to support such allegations by a statement of the sources of such information and belief in order to support an application for an order of arrest. Thompson v. Best, 51 Hun, 641, 4 N. Y. Supp. 229; Moore v. Becker, 13 N. Y. St. Rep. 567; Perry v. Smith, 9 N. Y. St. Rep. 728; Jordan v. Harrison, 13 Civ. Proc. R. 445; Martin v. Gross, 16 Civ. Proc. R. 235, 4 N. Y. Supp. 337; Seidman v. Geib (Com. Pl.) 11 N. Y. Supp. 705; Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Hanson v. Marcus, 8 App. Div. 318, 40 N. Y. Supp. 951; Ladenburg v. Bank, 5 App. Div. 220, 39 N. Y. Supp. 119. As much strictness is required in regard to the proof necessary to obtain an order of arrest as in the case of an attachment, and such an affidavit as is here presented would have been manifestly insufficient, if made the basis for an application for the latter remedy. Not only does the affiant swear that the statement rendered to his assignor, which is in his possession, gives no credit whatever for a portion of the money misappropriated, thus leaving it wholly undisclosed as to how he obtained his information, but he fails to state what portion of the money defendants have failed to credit, whether much or little of the sum claimed in this action. Nor is the general allegation of misappropriation as positive as at first seems from the quotation above made. The affiant states that the accounts submitted to the plaintiff's assignor are false, and that the defendants did not purchase the stocks that are therein credited at the prices "charged to the plaintiff." If the affiant meant the prices charged to

his assignor, he does not say so. No prices were charged to the plaintiff, for the dealings were wholly with his assignor. This particular expression may have been inadvertent, but it leaves a loophole for escape, if the allegation were false. But, waiving this manifest failure to connect the alleged false accounts with the Treat accounts, the affiant goes on immediately to qualify his positive statement by averment "on information and belief that said stocks were never purchased by the defendants, or any one else for them, on behalf of the plaintiff's assignor." It is not stated that this information is derived from such of the books of the defendants as he had seen (he states that he has had access to some of the defendants' books only), or from his acquaintance with defendants' business. It may have been received from some other source, and, if so, he should have disclosed it. The affidavit further goes on to aver that the deponent has repeatedly demanded of defendant the production of his books or orders of purchase and sale of stocks and grain, and also of the brokers through whom he or his firm purchased the same; all of which information has been refused. This averment shows that the affiant has not had access to the defendants' books showing the transactions upon which the action is based, and there is no allegation that there are no such books.

The general allegation that the "deponent knows from his own experience in the brokerage business, and from a thorough investigation of the methods of business of Sam Kellar & Co., and from the facts and evidence in this case in deponent's possession, that deponent's assignor was defrauded and cheated out of the sum of $666.68, and that there are many thousands of dollars of claims of a similar nature to the one sued upon herein," affords no ground for the arrest, inasmuch as the facts and evidence referred to are not disclosed, so that the court may judge whether the affiant's conclusions therefrom are justified or not. Thompson v. Best, above.

The order appealed from is reversed, with costs, and the motion to vacate the order of arrest is granted, with $10 costs. All concur.