BOSKOWITZ v. SULZBACHER et al.

(Supreme Court, Appellate Division, First Department. November 15, 1907.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—SUFFICIENCY OF SHOWING.

Plaintiff, to be entitled to an examination of a defendant to enable him to frame his complaint, must show by competent proof—and mere allegations on information and belief, the sources of information and grounds of belief not being fully set out, or conclusions from facts not stated, are insufficient—that he has a cause of action, and is entitled to some relief, though he may not know all the facts on which the precise nature of the relief to which he may be entitled is to be decided.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 68–70.]

2. SAME—VACATION OF ORDER FOR EXAMINATION—ADDITIONAL AFFIDAVITS.

Where a motion to vacate an order for examination of a party is made on affidavits tending to controvert the allegations of fact on which the order was granted, or to show that the order was obtained in bad faith, the party who obtained the order may meet the application by additional affidavits setting forth facts tending to show his good faith and to sustain the moving affidavits; but, so far as the motion merely attacks the insufficiency of the papers on which the order was granted, material omissions and defects therein cannot be supplied by additional affidavits.

3. SAME—SHOWING CAUSE OF ACTION.

Plaintiff, administrator of B. who a year before his death had dissolved his partnership with S., by agreement reciting that they had had an accounting between themselves of the partnership business as shown by the books of account thereof, fails to show he has any cause of action or is entitled to any relief against defendant, on the ground that defendant sustained a fiduciary relation to the firm and should be compelled to account, so as to be entitled to an examination of him to enable plaintiff to frame his complaint, by affidavit alleging that defendant was employed by the firm as manager of its branch office, that plaintiff thinks and believes, from an examination of the firm's books, that defendant through fraud received and appropriated to his own use, without the knowledge of plaintiff's intestate, moneys belonging to the firm, and failed to account for them, but that plaintiff cannot understand such entries, and whether they show defendant received profits belonging to the firm for which he has not accounted can only be determined by his examination; it not appearing that defendant had any independent charge of property or of the business, and the inference being that the office, business, and property were in the possession of the firm, and that defendant supervised the business as employé of the firm.

4. SAME—NECESSITY OF EXAMINATION.

Even if plaintiff has a cause of action for an accounting on the theory that defendant was a fiduciary agent of and intrusted with property and business of firm, he needs no examination of defendant to enable him to frame a complaint, as a general allegation of these facts is sufficient.

Appeal from Special Term.

Action by Jesse L. Boskowitz, administrator of Ignatz Boskowitz, deceased, against Anton W. Sulzbacher and another. From an order denying a motion to vacate an order directing examination of said defendant to enable plaintiff to frame his complaint, said defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

106 N.Y.S.—55

Charles L. Craig, for appellant.

Harold Nathan (John R. Dos Passos, on the brief), for respondent.

LAUGHLIN, J. The learned counsel for the appellant contends that the plaintiff failed to show by competent proof that he has a cause of action against the defendants, and that therefore the order was improperly granted. If the plaintiff knew all of the facts essential to be alleged to properly present his cause of action, an examination to enable him to frame the complaint would be unnecessary and should not be ordered; but, nevertheless, he must show by competent proof—and mere allegations upon information and belief, the sources of information and grounds of belief not being fully set out, or conclusions drawn from facts not stated, are insufficient— that he has a cause of action and is entitled to some relief although he may not know all of the facts upon which the precise nature of the relief to which he may be entitled is to be decided. Code Civ. Proc. § 872, subd. 2; rule 82, General Rules of Practice; Grant v. Greene, 118 App. Div. 850, 103 N. Y. Supp. 674; Hart v. Chase, 67 App. Div. 445, 446, 73 N. Y. Supp. 957; Thompson v. Best, 51 Hun, 641, 4 N. Y. Supp. 229; Goldmark v. U. S. Electro Galv. Co., 111 App. Div. 526–529, 97 N. Y. Supp. 1078; Butler v. Duke, 39 Misc. Rep. 235, 79 N. Y. Supp. 419; Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118.

It appears that on the 9th day of November, 1899, the plaintiff's intestate and the defendant Joseph H. Sulzbacher entered into a co-partnership agreement to carry on a banking and brokerage business in the city of New York under the name of J. H. Sulzbacher & Co. They commenced business on the 15th day of November, 1899, and continued under renewal agreements until the 31st day of December, 1905, when the firm was dissolved, pursuant to the articles of co-partnership, by a formal dissolution agreement made on the 30th day of December, 1905. The dissolution agreement recites that the partners had had an accounting between themselves as of the 31st day of December, 1905, of the "copartnership business as shown by the books of account of said copartnership." The agreement provides in paragraph I for the dissolution; in paragraph II, that either party might solicit business from former customers of the firm and should have access to the books of the firm; in paragraph III, that a certain account on the books containing unsettled and unpaid claims, known as "Reserve Account," not counted as part of the assets of the firm, should remain their joint property; and in paragraph IV, that certain bills incurred by the firm for specified purposes should be paid by defendant Joseph H. Sulzbacher, who should be reimbursed therefor by the decedent in proportion to the latter's interest in the firm. The remaining provisions of the agreement are contained in paragraphs V and VI, and are as follows:

"V. All other accounts (except the 'Reserve Account' hereinbefore provided in paragraph III), current or otherwise, and the divers dealings in business which have been subsisting during the continuance of the said copartnership between said parties hereto, as copartners, and divers other persons, firms, and corporations, having been ascertained, adjusted, and balanced, and all

the assets of the said copartnership firm of J. H. Sulzbacher & Co., as the books of said firm shall show on the closing thereof, including the New York Stock Exchange seat standing in the name of the said Joseph H. Sulzbacher having been left in the hands of the said Joseph H. Sulzbacher, to whom all the interest of the said Ignatz Boskowitz in said assets is hereby assigned, and such assigned assets and Stock Exchange seat being hereby accepted by said Joseph H. Sulzbacher as sufficient to pay, satisfy, and discharge all the liabilities of said firm, he, the said Sulzbacher, hereby assumes all the liabilities of the said copartnership as the books of said firm shall show on the closing thereof. Said closing shall be on the 30th day of December, 1905, as of the 31st day of December, 1905; and the said Joseph H. Sulzbacher agrees to fully pay and discharge the said liabilities of the said firm, and to indemnify, hold harmless, and discharge the said Ignatz Boskowitz from every and all such claims, liabilities, and obligations whatsoever connected with, appertaining to, arising from, or growing out of the copartnership business of the said firm of J. H. Sulzbacher & Co., except, however, that if any lawsuit be commenced against said firm for any firm liability, other than those assumed by said Joseph H. Sulzbacher, said Ignatz Boskowitz, or said Joseph H. Sulzbacher, or both, may defend the same, and each shall contribute towards such defense, and towards any judgment or costs recovered therein against said firm, in proportion to their respective interests in said firm at the time such firm liability arose.

"VI. The profits and losses of the said firm and the account of said Ignatz Boskowitz with the said firm, as shown by the said closing of said firm's books, having been ascertained and adjusted, and the balance found to be due him this day having been paid to him, and all the respective rights and interests of each of said parties hereto in said copartnership having been fully and finally settled and satisfied, except as hereinbefore provided, now each of the parties hereto does for himself and his legal representatives mutually release and absolutely and forever discharge the other party hereto of and from all claims and demands, actions, and causes of actions, of every name, nature, and description, arising from or appertaining to or connected with said copartnership business, so that neither of them shall have any claim on the other, directly or indirectly, or any contract or liability or thing undertaken or omitted to be done, by reason of said copartnership relation, except as in this agreement hereinbefore provided."

On the 26th day of December, 1906, Ignatz Boskowitz died, and plaintiff was thereafter duly appointed administrator of his estate. The administrator subsequently commenced an action against Joseph H. Sulzbacher, and on the 8th day of March, 1907, procured an order of the Supreme Court for an inspection of all of the books and papers of the firm, and they were delivered to him for that purpose. On the 8th day of April, 1907, he likewise procured an order for the examination of the defendant in that action, to enable him to frame his complaint. After the examination, and on the 12th of June, 1907, he served the complaint, which shows that the action was brought to set aside the dissolution agreement, accounting, and release, and all other accountings between the partners, "for the fraud, misrepresentations, and concealments of the defendant," and for an accounting of all of the acts of said Joseph H. Sulzbacher during the existence of the copartnership, and particularly his fraudulent acts in making secret profits unknown to his copartner. The summons in this action was served on Joseph H. Sulzbacher on the 1st day of June, and on appellant on the 3d day of June, 1907, and on the 20th day of June plaintiff procured the order for the examination of the appellant to enable him to frame the complaint herein. Appellant then moved at

Special Term to vacate the order, and from the order denying his motion took this appeal.

A motion to vacate an order for the examination of a party, unlike a motion to vacate a warrant of attachment, order of arrest, or an injunction order, is not regulated by statute, and, unlike motions to vacate an order granting a provisional remedy, there is no statutory provision authorizing the party who obtained the order to sustain it by additional affidavits supplying omissions in the original papers. 2 Rumsey's Practice (2d Ed.) 24; Code Civ. Proc. §§ 568, 627, 683. Where the motion to vacate the order is made on affidavits tending to controvert the allegations of fact in the affidavits upon which the order was granted, or to show that the order was obtained in bad faith, then the party who obtained the order may meet the application by additional affidavits setting forth facts showing his good faith and tending to sustain the moving affidavits. 2 Rumsey's Practice (2d Ed.) 24, 25. In the case at bar the motion to vacate the order was made upon the papers upon which it was granted, and upon the affidavit of the appellant and of his attorney and a copy of the complaint in the action by plaintiff against Joseph H. Sulzbacher. The affidavit of the attorney states no material fact. The affidavit of the appellant states facts tending to show that the order was obtained in bad faith and for an ulterior purpose, and points out the insufficiency of the papers upon which the order was granted, but does not otherwise controvert any of the allegations thereof, excepting by the following general statement:

"For the reason that the said Boskowitz nowhere sets forth any particular facts in his affidavit, it is impossible for me specifically to deny the same; but I do desire to deny absolutely and without qualification each and every charge of improper conduct made against me or comprehended in the conclusions and inferences sworn to by the said Boskowitz."

The plaintiff, therefore, was at liberty to meet the motion by affidavits tending to show that the application for the order for the examination of the appellant was made in good faith and tending to sustain any allegation of the papers upon which the order was granted, charging appellant with improper conduct; but he was not at liberty to supply material defects and omissions in the affidavits upon which the order for the examination was obtained, necessary to authorize the judge to grant it, or, in other words, to supply facts essential to authorize the judge to grant the order originally, but which were omitted from the papers on which it was granted. Therefore the affidavits presented by the plaintiff in opposition to the motion, tending to supply such omissions and defects, cannot be given effect for that purpose.

An order for the examination of a party may only be granted by a judge. Heishon v. Knickerbocker Life Ins. Co., 77 N. Y. 278. The court, being without authority to grant the order in the first instance, is without authority to receive evidence to remedy any material omission or defect in the moving papers upon which the order was granted. The order for the examination was made upon the summons, proof of service thereof, on the affidavit of one of the attorneys for the

plaintiff setting forth that, "from the statement of the case in this action made to deponent by the plaintiff, deponent verily believes that the plaintiff has a good and substantial cause of action upon the merits," and that the examination is material and necessary to enable plaintiff to frame his complaint and to prosecute the action, and upon the affidavit of the plaintiff. The affidavit of the plaintiff shows that the appellant is brother to the defendant Joseph H. Sulzbacher, and was for many years employed by the firm as manager of its branch office, and that he thinks and believes, from an examination of the books of the firm and from the examination of Joseph H. Sulzbacher in the action previously brought against the latter, that appellant, through fraud and collusion and deception, received and appropriated to his own use, or to the use of others, without the knowledge or consent of plaintiff's intestate, moneys properly belonging to the firm, or for which he was accountable to the firm, and failed to account therefor. He does not, however, set forth a material fact tending to support his inferences. The allegations are, in the main, legal conclusions not sustained by any fact properly alleged. No part of the deposition of defendant Joseph H. Sulzbacher, taken in the other action, is set forth, and, if it were, it would not support the application; for plaintiff says in his affidavit that Joseph H. Sulzbacher on his examination denied any knowledge, or even information, concerning the transactions of appellant as manager for the firm, other than as shown by the books of the firm, and denied ability to explain entries in said books believed by plaintiff to be suspicious. The plaintiff's suspicions, belief, and inferences are based upon entries in the firm books of the business of the branch of which appellant was manager, which plaintiff says he is unable to understand, and states that whether or not they show that appellant received profits belonging to the firm, for which he has not accounted, can only be determined by his examination. Notwithstanding the fact that plaintiff is unable to understand the entries in the books of the firm, it must be presumed that his intestate understood them; for he adjusted the business with his partner upon the books, which the dissolution agreement in effect recites showed it accurately, and, although he survived the termination of the copartnership business nearly one year, it does not appear that he ever questioned the accuracy of the books. The affidavit of the plaintiff fails to show that he seeks any recovery in this action against the defendant Joseph H. Sulzbacher, and tends to show that the sole object of the action is to compel the appellant to account for alleged fraudulent acts and for profits secretly made as an employé of the firm in charge of its branch office, and in the points presented on behalf of the plaintiff it is expressly stated that this is the object of the action.

The learned counsel for the respondent argues that the order should be sustained upon the ground that appellant sustained a fiduciary relation to the copartnership and should be compelled to account for his acts. It does not appear that he had any independent charge of property or of the business, and the inference is that the office, business, and property were in possession of the firm, and that appellant

supervised the business as their employé. The inference is that the books belonged to the firm, and not to him; and a further answer to this contention is that, if he owed to them the duty of accounting, the books appear to have been accepted by the members of the firm as an accounting, and plaintiff seeks now to go behind those books upon the theory that his intestate was fraudulently deceived by appellant concerning the same, and in the circumstances he is not materially aided by the fact that perhaps the partners could have insisted upon an accounting by appellant. The plaintiff, therefore, fails to show that he has a cause of action or is entitled to any relief against the appellant, and therefore he is not entitled to the examination. Moreover, if he has a cause of action for an accounting upon the theory that appellant was a fiduciary agent and intrusted with property and business of the firm, he needs no examination to enable him to frame a complaint, for general allegations of these facts would be sufficient.

It may also be observed, without definitely deciding the question, that it is doubtful whether, if a cause of action existed in favor of the firm against the appellant, the plaintiff could maintain an action to enforce it. The cause of action, if any existed, passed to Joseph H. Sulzbacher, either under the dissolution agreement or as surviving partner, and he alone may maintain the action, unless, perhaps, upon the theory that he participated in the fraudulent acts which give rise to the cause of action. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460; Secor v. Tradesmen's National Bank, 92 App. Div. 294, 87 N. Y. Supp. 181; Matter of Thieriot, 117 App. Div. 686, 102 N. Y. Supp. 952; Simpson v. Simpson, 44 App. Div. 492, 60 N. Y. Supp. 879; Kastner v. Kastner, 53 App. Div. 293, 65 N. Y. Supp. 756; Russell v. McCall et al., 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807. The cause of action, if any there be, existed at the time of the dissolution of the firm, and is not based on any proceedings of Joseph H. Sulzbacher either under the dissolution agreement or as surviving partner. There are general charges of collusion on the part of Joseph H. Sulzbacher with respect to some of the alleged fraudulent acts of the appellant, but the facts are not stated.

It follows that the order should be reversed, with $10 costs and disbursements, and motion to vacate the order for examination granted, with $10 costs. All concur; INGRAHAM, J., in result.