GOLDER PARK, INC., Respondent, v. INDEPENDENCE INDEMNITY COMPANY, Appellant.— Order modified so as to award defendant as terms for the granting of plaintiff's motion, the amount of the judgment entered by defendant on the dismissal, such sum to be paid within ten days after notice of entry of order hereon, and as so modified, order affirmed, with ten dollars costs and disbursements to appellant. Upon respondent's failure to comply herewith, the order will be reversed and the motion denied. No opinion. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

ANNA C. GROSSMAN, Respondent, v. THE EQUITABLE TRUST COMPANY, Appellant, Impleaded with Others, Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave, however, to the respondent to renew her application upon proper papers. We do not think the moving affidavit shows a cause of action. There is no allegation of any deposit of plaintiff's stock with the trust company, or that it ever had possession thereof. Furthermore, the material allegations in the affidavit consist of conclusions or are stated upon information and belief only, without disclosing the sources of information and the grounds of belief, which should have been fully set out. (See *Boskowitz* v. *Sulzbacher*, *No. 1*, 121 App. Div. 878.) Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

ADOLPH ISAAC, Appellant, v. ANTONIO MADDALO, Respondent.— Order denying plaintiff's motion to strike out defendant's answer and for judgment reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The affidavit of defendant does not present any defense to the action. On the contrary, the indebtedness is conceded. Nor is any issue of fact raised by defendant's affidavit as to the amount of credits upon such indebtedness. The only defense contained in the answer is a denial, and this does not present any issue as to the amount of credits to which defendant might have been entitled. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

HILDA V. KIRKMAN, Respondent, v. ANNA Z. KIONKA, Appellant.— Order denying defendant's motion for a bill of particulars in part, and granting it in part, modified so as to provide that plaintiff shall state the times and places where she claims the alleged slander was uttered, and the name of at least one person present at the time of each separate utterance. No opinion, and as so modified affirmed, without costs. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

HENRY KOTHE, Respondent, v. FOUNDATION MANOR CORPORATION, Appellant.— Judgment and order denying defendant's motion for new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

PELLEGRINO LEO, as Administrator, etc., of JAMES LEO, Deceased, Appellant, v. JOSEPH F. MORGAN, Doing Business as MORGAN CASKET COMPANY, Respondent, Impleaded with Another, Defendant.— Judgment and order denying motion for new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.